UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHELESY EASTEP,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF NASHVILLE, TENNESSEE et al.,<br><br>Defendants. | Case No. 3:22-cv-00721<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

This civil rights action brought under 42 U.S.C. § 1983 arises out of the death of Landon Eastep, whom law enforcement officers from the Metropolitan Nashville Police Department (MNPD), the Mt. Juliet Police Department (MJPD), and the Tennessee Highway Patrol (THP) shot and killed. (Doc. No. 46.) Plaintiff Chelesy Eastep (Eastep), Mr. Eastep's surviving spouse, has filed a motion for leave to amend her complaint (Doc. No. 73) and a proposed second amended complaint (Doc. No. 72). Defendants the Metropolitan Government of Nashville and Davidson County (Metro), MNPD Officers Steven Carrick, James Kidd, Brian Murphy, Justin Pinkelton, Edin Plancic, and Sean Williams (collectively, the Metro Defendants), the City of Mt. Juliet, Tennessee, and MJPD Officer Fabjan Llukaj (the Mt. Juliet Defendants), and THP Officers Charles Achinger and Reggie Edge (the THP Defendants) oppose Eastep's motion for leave to amend. (Doc. Nos. 75, 90, 99.)

For the reasons that follow, Eastep's motion for leave to file a second amended complaint will be granted.

I.     **Relevant Background**

Eastep alleges that, on January 27, 2022, her late husband was "sitting on a guardrail on the far shoulder of Interstate 65 Northbound at mile marker 76" when THP Officer Edge approached him and began speaking with him. (Doc. No. 46, PageID# 175, ¶ 21.) MJPD Officer Llukaj, who was off duty, stopped to assist Edge and, a short time later, MNPD Officers Murphy, Carrick, Plancic, Williams, Pinkelton, and Kidd and THP Officer Achinger arrived in response to a call for backup. (Doc. No. 46.) These defendants negotiated with Landon Eastep for about thirty minutes but, "[c]ontrary to reasonable practices, the Defendants with situational command decided to call for an inexplicably excessive number of backup officers to respond to the scene, to draw their firearms, to form a semi-circle firing squad and create the danger which ultimately turned fatal." (*Id.* at PageID# 175–76, ¶ 23.) "Mr. Eastep became emotional, began sobbing, and reportedly started cutting his wrists a few times with a box cutter from his pocket." (*Id.* at PageID# 176, ¶ 23.) Eastep alleges that, "[i]nstead of engaging de[-]escalation procedures, the Defendants escalated the encounter by continuing to point loaded semi-automatic pistols and long guns at Mr. Eastep in an overt show of force." (*Id.*) "Negotiations ceased when Landon Eastep reached for a 'cylindrical metal object'" that "was not a gun or any other type of weapon that could have posed a threat to the law enforcement officers[,]" and "every police officer and state trooper on the scene simultaneously opened fire on Mr. Eastep, killing him." (*Id.* at ¶ 24 (footnote omitted).) MNDP Officer Murphy fired the final two shots "with a long gun after Mr. Eastep had been shot multiple times and had fallen to the ground, and after a loud and unmistakable 'cease fire' had been yelled by another officer." (*Id.* at PageID# 176–77, ¶ 25.)

Eastep initiated this action on September 15, 2022, by filing a complaint under 42 U.S.C. § 1983 against the Metro, Mt. Juliet, and THP defendants. (Doc. No. 1.) Metro moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which

relief can be granted (Doc. No. 39), and Eastep filed an amended complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1) (Doc. No. 46). The amended complaint, which is the operative pleading in this action, asserts Fourth Amendment excessive force claims and Fourteenth Amendment failure-to-protect claims against the officer defendants, and municipal liability claims against Metro. (*Id.*) The amended complaint also asserts state law negligence claims against Metro and Mt. Juliet under the Tennessee Governmental Tort Liability Act (GTLA) as alternative causes of action. (*Id.*) The amended complaint requests damages in an amount to be determined by the Court. (*Id.*)

The defendants moved to dismiss the amended complaint under Rule 12(b)(6) for failure to state a claim on which relief can be granted.[1] (Doc. Nos. 52, 55, 57, 61, 63.) The individual officers argue that they are entitled to qualified immunity from Eastep's claims and that the amended complaint contains insufficient facts to state any plausible claims for relief against them. (Doc. Nos. 53, 58, 64). Metro argues that the municipal liability § 1983 claims against it fail as a matter of law (Doc. No. 62), and Metro and Mt. Juliet argue that they are immune from Eastep's state law claims under the GTLA (Doc. Nos. 56, 62). Eastep responded in opposition to the defendants' motions to dismiss (Doc. Nos. 76–86), and the defendants filed replies (Doc. Nos. 91, 92, 95, 97, 100).

Eastep also filed a motion for leave to amend (Doc. No. 73) and a proposed second amended complaint alleging additional facts in support of her existing claims (Doc. No. 72). The defendants oppose Eastep's motion to amend, arguing that the proposed amendments are futile

---

[1] Mt. Juliet argues that Rule 12(b)(1) provides an alternative basis for dismissal because the only claim against it arises under state law and the Court may decline to exercise supplemental jurisdiction over that claim. (Doc. No. 56.) MNPD Officers Carrick and Williams argue that Rule 12(b)(5) provides an alternative basis for dismissal of Eastep's claims against them because she did not properly serve them with process. (Doc. No. 64.)

because the proposed second amended complaint would not survive a motion to dismiss. (Doc. Nos. 75, 90, 99.) Eastep did not file an optional reply in support of her motion for leave to amend.

II. **Legal Standard**

Federal Rule of Civil Procedure 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This "mandate" flows from the principle that a plaintiff "ought to be afforded an opportunity to test [their] claim on the merits" where "the underlying facts or circumstances relied upon . . . may be a proper subject of relief . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.— the leave sought should, as the rules require, be 'freely given.'" *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman*, 371 U.S. at 182). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "A district court's order denying a Rule 15(a) motion to amend is usually reviewed for an abuse of discretion." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *but see id.* (reviewing de novo district court's denial of "motion for leave to amend on the basis of futility"). Nevertheless, Sixth Circuit case law "'manifests "liberality in allowing amendments to a complaint."'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

III. **Analysis**

The defendants' principal argument in opposition to granting leave to amend is that the proposed second amended complaint is futile because it would not survive a motion to dismiss.

4

(Doc. Nos. 75, 90, 99.) The Metro and Mt. Juliet Defendants argue that the proposed second amended complaint "does not make any substantive changes . . . that would impact the[ir] pending motions to dismiss." (Doc. No. 75, PageID# 437; Doc. No. 90 (adopting the Metro Defendants' arguments).) Similarly, the THP Defendants argue that, "[a]s with the Amended Complaint, the proposed Second Amended Complaint does not plead sufficient facts to establish individual liability on the part of either of the THP Defendants." (Doc. No. 99, PageID# 591.)

Courts in this circuit recognize that, because futility arguments in the context of a motion to amend are functionally dispositive, they present something of a "conceptual difficulty" when raised before a magistrate judge who, by statute, cannot ordinarily rule on dispositive motions. *Durthaler v. Accts. Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (citing 28 U.S.C. § 636(b)(1)(A)); *see also Wischermann Partners, Inc. v. Nashville Hosp. Cap. LLC*, No. 3:17-0849, 2018 WL 2684641, at *2 (M.D. Tenn. June 5, 2018) (quoting *Durthaler*, 2011 WL 5008552, at *4). This is particularly true where, as here, the parties have raised the same legal issues in dispositive motions that are concurrently pending before the district judge. Under these circumstances, at least where the proposed amended "claim is arguably sufficient, it is usually a sound exercise of discretion to permit the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss." *Durthaler*, 2011 WL 5008552, at *4.

The defendants' arguments in favor of dismissal and in opposition to the proposed second amended complaint turn on whether Eastep has alleged sufficient facts to state plausible claims against them and overcome their immunity defenses. The Court finds that the defendants will not be unduly prejudiced by allowing the amended pleading and that there are no other apparent reasons to deny leave to amend under Rule 15(a)(2). Further, allowing the defendants' substantive

legal arguments to be addressed in a single decision is the most efficient course of action and will guard against inconsistent results in different procedural postures.

IV.     **Conclusion**

For these reasons, Eastep's motion for leave to amend (Doc. No. 73) is GRANTED.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge