# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| CHELESY EASTEP, as surviving spouse and next of kin of LANDON DWAYNE EASTEP, | )<br>)<br>)<br>) |
| Plaintiff, | ) No. 3:22-cv-00721 |
| v. | )<br>) Chief Judge Crenshaw<br>) Magistrate Judge Newbern |
| METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, *et al.*, | )<br>) JURY DEMAND<br>)<br>) |
| Defendants. | ) |

## SECOND AGREED PROTECTIVE ORDER

The THP and Metro Nashville Defendants are in possession of certain video footage depicting their respective law enforcement agencies' responses to, and the individual Defendants' interactions with, Landon Eastep on January 27, 2022 (the "Additional Footage").

On April 18, 2023, the Court entered an Agreed Protective Order that governed the production of footage from THP Trooper Reggie Edge and Metro Nashville Officers Sean Williams, Jason Kidd, and Brian Murphy. (Doc. No. 71.) On September 15, 2023, the Court ordered that the Parties have access to all video footage. (Sept. 15, 2023, Minute Entry.)

Because the Additional Footage may contain information that is confidential under Tenn. Code Ann. § 10-7-504 or other applicable laws, and because it would take a significant amount of time to review for redactions, the Parties wish to enter a Second Agreed Protective Order. Entering into a Second Agreed Protective Order ensures that any confidential information in the Additional Footage is not disseminated to anyone who is not an authorized representative of the Parties and provides for the timely production of the Additional Footage.

{N0564297.1}  1

Based on the foregoing, it appears to the Court that this Second Agreed Protective Order is warranted and acceptable. Therefore, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. The Additional Footage includes raw, unredacted (1) body-worn camera footage from multiple MNPD Officers, (2) in-car camera footage from multiple MNPD Officers, (3) in-car camera footage from multiple THP Troopers. The Additional Footage, which contains confidential National Crime Information Center information and/or other confidential information, shall be deemed CONFIDENTIAL and be subject to the requirements of this Second Agreed Protective Order.

2. Within seven (7) days after entry of this Second Agreed Protective Order, counsel for the Metropolitan Government of Nashville and Davidson County shall provide to Plaintiff the MNPD body-worn and in-car camera footage referenced in paragraph 1, and counsel for Troopers Edge and Achinger shall provide to Plaintiff the THP in-car camera footage referenced in paragraph 1.

3. The Parties and their counsel are prohibited from using or disclosing the Additional Footage for any purpose other than in the present action.

4. The Additional Footage shall not be disclosed, divulged, revealed, described, transmitted, or otherwise communicated to any other person without prior written consent except to:

a) the Parties in this cause who have agreed to be bound by this Second Agreed Protective Order;

b) counsel of record of the Parties in this cause who have agreed to be bound by this Second Agreed Protective Order;

(c) a member or employee of the law firm of record for either of the Parties in this cause who has agreed to be bound by this Second Agreed Protective Order, and only to the

extent that such person is performing work in connection with this case and only to the extent necessary to perform such work;

(d) expert witnesses and non-testifying consulting experts retained by counsel of record for the Parties in this cause who have agreed to be bound by this Second Agreed Protective Order and only to the extent necessary to prosecute or defend this case;

(e) a witness in this cause, but only during depositions, hearings, or at trial;

(f) the Court or court personnel in this cause;

(g) any jury empaneled to hear this cause;

(h) court reporters transcribing proceedings in this action; and

(i) if any of the Additional Footage covered by this Second Agreed Protective Order is made an exhibit to a deposition or court filing, such deposition or court filing shall also be subject to this Second Agreed Protective Order.

5. This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

6. In the event any Party wishes to file any matter with the Court by way of pleadings, motions, briefs, or any other papers which will contain information from the Additional Footage or has attachments of the Additional Footage that is not already part of the public record, the Party shall file a motion pursuant to Local Rule 7.02 to file the Additional Footage under seal.

7. When counsel of record in this lawsuit, or any attorney who is bound by this Second Agreed Protective Order, becomes aware of any violation of this Second Agreed Protective Order, or of facts constituting good cause to believe that a violation of this Second Agreed Protective Order may have occurred, such attorney shall report that there may have been a violation of this Second Agreed Protective Order to the Court and all counsel of record.

8. Upon final disposition of this cause, whether by trial, appeal, settlement, or other final conclusion, the Additional Footage disclosed pursuant to this Second Agreed Protective Order, including copies, shall be returned to Defendants' attorneys of record or destroyed within thirty (30) days after notice is received of such final disposition of this cause, and until such time, all provisions of this Second Agreed Protective Order will remain in full force and effect.

9. This Second Agreed Protective Order shall remain in full force and effect until the final disposition of this cause, whether by trial, appeal, settlement, or other final conclusion, until modified, superseded, or terminated by order of this Court, and it does not prejudice the right of any party to seek such modification by Court order.

**ENTERED** this the 25th day of September, 2023.

_____
Magistrate Judge Alistair E. Newbern

**APPROVED FOR ENTRY:**


*/s/ David J. McKenzie*
with permission Michael R. Dohn (#37535)
DAVID J. MCKENZIE (#25563)
Law Offices of David J. McKenzie
205 West Commerce Street
Lewisburg, TN 37091
david@davidmckenzielaw.com
*Counsel for Plaintiff*


*/s/ Barbara G. Medley*
with permission Michael R. Dohn (#37535)
BARBARA G. MEDLEY (#14103)
Medley & Spivy
111 West Commerce Street, Suite 201
Lewisburg, TN 37091
bmedley@medleyandspivy.com
*Counsel for Plaintiff*



JONATHAN SKRMETTI
Attorney General and Reporter

*/s/ Meghan Murphy*
with permission Michael R. Dohn (#37535)
MEGHAN MURPHY (#34061)
AMANDA JORDAN (#29243)
Senior Assistant Attorneys General
Civil Law Division
P.O. Box 20207
Nashville, TN 37202
meghan.murphy@ag.tn.gov
amanda.jordan@ag.tn.gov
*Counsel for Reggie Edge & Charles Achinger*

*/s/ Samantha A. Burnett*
with permission Michael R. Dohn (#37535)
ROBERT M. BURNS (#15383)
SAMANTHA A. BURNETT (#37250)
Howell & Fisher, PLLC
3310 West End Avenue, Suite 550
Nashville, TN 37203
rburns@howell-fisher.com
sburnett@howell-fisher.com
*Counsel for the City of Mt. Juliet & Fabjan Llukaj*


THE DEPARTMENT OF LAW OF THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY

/s/ *Michael R. Dohn*
MELISSA ROBERGE (#26230)
  SENIOR COUNSEL
MICHAEL R. DOHN (#37535)
  ASSISTANT METROPOLITAN ATTORNEY
Metropolitan Courthouse, Suite 108
P.O. Box 196300
Nashville, Tennessee 37219
melissa.roberge@nashville.gov
michael.dohn@nashville.gov
*Counsel for the Metropolitan Government of Nashville and Davidson County, Steven Carrick, Sean Williams, Brian Murphy, Edin Plancic, Justin Pinkelton, & James Kidd*